MAJOR *v.* THE CENTRAL PLANK ROAD COMPANY and Others.

No principle decided.

APPEAL from the *Hancock* Common Pleas.

*Per Curiam.*—*Major* sued the *Central Plank Road Company* to recover for damage done to real estate. He alleges that he was the owner, without specifying the character of title, of a certain tract of land; that the plank road company entered upon it and took gravel, &c., to his damage, &c.

The defendant answered it in two paragraphs:

1. The general denial.

2. "And defendants further answering say that said *Central Plank Road Company* is a corporation duly organized according to law, and is the owner, and in possession of so much of the road way, formerly known as the *National* or *Cumberland* road, as extends from the east line of *Hancock* county, *Indiana*, to a point in *Putnam* county; that the *United States* conveyed to the State of *Indiana* so much of said road as extended through said State, with all the rights, privileges, grants, and immunities of every kind whatsoever, held and enjoyed by the *United States*, and delivered the same to the State, to-wit: on, &c., that said State, long before the committing of the alleged grievances, conveyed to said *Plank Road Company* the portion of the road way first above mentioned, with all the rights and privileges, &c., and put her in possession thereof; that a portion of said road in, &c., was unfinished; that in *July*, 1827, the then owner of the land in the complaint mentioned, granted to the *United States* by a duly executed conveyance, the right, at any future time, to enter upon, and the right to take upon said land, wood, clay, gravel, &c., to be used in the construction of said road; that, by virtue of, and under said conveyance, and for the single purpose of the construction of the unfinished portion of the road in

Major *v.* The Central Plank Road Company and Others.

said *Hancock* county, the said defendants, at, &c., on, &c., did enter upon said land adjoining the road and take therefrom gravel, to be applied, and which was applied to the construction of the unfinished portion of said road, doing no unnecessary damage, &c., which is the trespass complained of, and no other, &c."

To this second paragraph of the answer, the plaintiff replied, the general denial.

The cause was tried by the Court; judgment for the defendant.

The materials taken, viz: gravel, was a proper one to be used in the construction of the road. The first act of Congress providing for laying out and constructing the *National Road*, required that the road should "be raised in the middle of the carriage-way with stone, earth, or gravel and sand, or a combination of some or all of these." 2 Story's Laws U. S., p. 990.

But whether the *Plank Road Company* had the right to take the gravel or not is a question not presented to this Court for decision, by the record, for these among other reasons:

1. The record does not purport to contain all the evidence.

2. The evidence in the record does not show any title in the plaintiff to the land alleged to have been trespassed upon. He, therefore, has shown no right to complain.

3. If he had a possessory title for a term of years, he might have been entitled to mere nominal damages, the injury having been to the reversion; and a judgment will not be reversed where mere nominal damages are involved.

Whether there was any act of Congress authorizing commissioners to take releases of rights of way, &c., and place them upon record at *Washington*, we have not sought to as-

certain; nor have we, as to the effect of such, if taken without express authority.

W. R. West, for the appellant.

B. K. Elliott, for the appellees.